
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARNOLD G. LACSON, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 05-72987 Agency No. A015-550-672 MEMORANDUM[*] |
| ARNOLD G. LACSON, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 05-75208 Agency No. A015-550-672 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 17, 2011
San Francisco, California

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REAVLEY, McKEOWN, and PAEZ, Circuit Judges.[**]

In No. 05-72988, Arnold Lacson, a native and citizen of the Philippines, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In No. 05-75208, Lacson petitions for review of the BIA's denial of his motion to reconsider. We deny both petitions.

Lacson sought relief based on past persecution and fear of future persecution due to his membership in a Filipino youth organization known as the Kabataang Makabayan (KM). The IJ found Lacson not credible because of inconsistencies in his original asylum application, a subsequent declaration, and his live testimony. The BIA determined that although no single inconsistency would lead it to believe Lacson's claims were untrue, a "constellation of problems" led it to agree with the IJ's credibility assessment.

"Where, as here, the BIA adopts the immigration judge's decision and also adds its own reasons, we review both decisions." *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005). Because Lacson filed his asylum application before

---

[**] The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

2

the May 2005 effective date of the REAL ID Act, we apply pre-REAL ID Act standards. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 n.1 (9th Cir. 2005). We review the adverse credibility findings for substantial evidence, which requires that the BIA's finding be upheld unless the evidence in the record compels a contrary result. *Li v. Holder*, 629 F.3d 1154, 1157 (9th Cir. 2011).

Lacson argues that the IJ's adverse credibility determination was based on trivial or non-existent inconsistencies, impermissible speculation and conjecture, and an erroneous view of the record.[1] We cannot conclude, however, that the record compels a conclusion that Lacson was credible.

"Minor inconsistencies in the record that do not relate to the basis of an applicant's alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about an asylum applicant's fear for his safety are insufficient to support an adverse credibility finding." *Mendoza Manimbao v. Ashcroft*, 329 F.3d

---

[1]Lacson argues that the IJ erroneously believed he had sworn to the validity of his claims before an asylum officer, and he moves us to take judicial notice of INS documents in support of his assertion that he never actually had such an asylum hearing. Our review generally "is confined to the administrative record before the BIA," but we may "tak[e] judicial notice of the agency's own records." *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010). We therefore grant the motion, but we note that the Government has not argued that an asylum officer afforded Lacson a hearing. Furthermore, the documents do not alter our analysis because, as we explain below, we find the IJ's credibility determination supported by substantial evidence.

655, 660 (9th Cir. 2003). However, "so long as one of the identified grounds is supported by substantial evidence and goes to the heart of [Lacson's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) (internal quotation marks and citation omitted).

Here, Lacson's original asylum application, subsequent declaration, and live testimony contained inconsistencies concerning when he and his brother Orlando joined the KM, the extent of his participation in that organization, when Orlando was allegedly killed by police, and whether Orlando's body was ever recovered. Lacson's claim of persecution was based on alleged police abuse due to his and his brother's participation with the KM. The inconsistencies in the time and manner of Orlando's death, which Lacson claimed the police covered up, and the time line of Lacson's own participation in the KM went to the heart of his claim. Because there was some basis to doubt Lacson's credibility, the IJ could also consider the absence of corroborating evidence. *See Li*, 378 F.3d at 964. Lacson argues that he provided such evidence because he presented the death certificate of his other brother, Nelson, showing death caused by traumatic head injuries. This evidence provided no insight into when and where the death occurred or how the injuries were sustained, however, and fails to support his claim of persecution by police.

4

Lacson correctly observes that corroborating evidence may be required only if it is easily obtained, *see Sidhu v. INS*, 220 F.3d 1085, 1091–92 (9th Cir. 2000), yet he fails to explain why he could not present evidence from his Aunt Carmelita, whose address he had been using since arriving in the United States. We conclude that the IJ relied upon cogent reasons to doubt Lacson's credibility, and because the record does not compel a contrary conclusion, we uphold the denial of asylum and withholding of removal. *Li*, 378 F.3d at 964.

Lacson argues that he was denied due process because he was not given notice and an opportunity to address the IJ's credibility concerns. *See Mendoza Manimbao*, 329 F.3d at 659. We disagree. Lacson was questioned extensively regarding many of the inconsistencies noted by the IJ in his adverse credibility ruling. Moreover, the examples Lacson points to–namely, inconsistencies regarding the size of his jail cell and the philosophical underpinnings of the KM–do not go to the heart of his asylum claim. Thus, even assuming *arguendo* he was not given a sufficient opportunity to explain these inconsistencies, such error would be harmless. There were a number of inconsistent statements, apart from those referenced by Lacson as supporting his due process argument, that fully support the IJ's adverse credibility determination.

Lacson also argues that he was denied due process because the IJ based his adverse credibility determination on Lacson's failure to present live testimony by his Aunt Carmelita without giving him prior notice. Again, we disagree. We have held that an adverse credibility determination may not be based on a failure to produce a corroborating witness when a petitioner has already produced documentary evidence of a fact to which the witness would testify. *See Chen v. Ashcroft*, 362 F.3d 611 (9th Cir. 2004). We have also held, however, that "if the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application." *Sidhu*, 220 F.3d at 1090. There was therefore no due process violation in this case when the IJ noted that Lacson's failure to produce his aunt further diminished the credibility of his inconsistent testimony.

Finally, Lacson argues that the IJ erroneously based the denial of relief under the CAT on the same set of adverse credibility findings used to deny asylum and withholding of removal. Although a failure to establish eligibility for asylum does not necessarily defeat a CAT claim, Lacson relies on the same evidence that the IJ and BIA found not credible in support of both claims, and he points to no additional evidence that should have been considered. Because we affirm the denial of asylum and withholding of removal based on the adverse credibility

6

findings, we similarly uphold the denial of the CAT claim.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**MOTION FOR JUDICIAL NOTICE GRANTED.  PETITIONS DENIED.**