**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DALWINDER SINGH, | No. 08-72610 |
| Petitioner, | Agency No. A097-113-196 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2011[**]
San Francisco, California

Before: TROTT and BEA, Circuit Judges, and STAFFORD, Senior District
Judge.[***]

Dalwinder Singh, a native and citizen of India, petitions for review of the

decision of the Board of Immigration Appeals ("BIA"), affirming the immigration

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable William H. Stafford, Jr., Senior District Judge for the
U.S. District Court for Northern Florida, sitting by designation.

judge's denial of Singh's applications for asylum, withholding of removal, and protection under the Convention Against Torture. The IJ found that Singh was not credible, his testimony having been contradicted not only by records from the Department of Homeland Security ("DHS") but also by information contained in Singh's own passport. Unable to believe Singh's testimony regarding matters material to his claims, the IJ denied his applications for relief. The BIA affirmed, finding no error in either the IJ's reliance on the DHS records or the IJ's adverse credibility finding. Because the factual and procedural background is familiar to the parties, we do not recount it here. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

Singh raises a number of issues on appeal, only two of which merit brief discussion. First, Singh contends that the IJ improperly admitted unauthenticated DHS computer printouts, thereby violating his due process rights. For due process purposes, the test for admission of evidence in immigration proceedings is whether the evidence is probative and its admission is fundamentally fair. *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995). Here, the printouts were clearly probative of matters material to Singh's applications for relief, and admission of those printouts did not make the proceedings fundamentally unfair. Indeed, Singh's counsel raised no objection to their admission. Despite the lack of objection, the government

proffered a foundation for admission of the printouts. The IJ concluded from the government's proffer and his own perusal of the evidence that the printouts were what they purported to be, namely computer records prepared and maintained in DHS's regular course of business. Singh offered neither evidence nor argument to the contrary. Importantly, much of the information contained in the printouts was corroborated by other evidence in the record. With or without the DHS printouts, the outcome of the proceedings would likely have been the same.[1] As found by the BIA, the IJ's admission of—and reliance on—the DHS printouts did not constitute due process error.

Second, Singh contends that the IJ's adverse credibility finding is not supported by the record. Because Singh filed his asylum application before the May 2005 effective date of the REAL ID Act, we apply pre-REAL ID Act standards. *Kaur v. Gonzales*, 418 F.3d 1061, 1064 n.1 (9th Cir. 2005). Under pre-REAL ID Act law, credibility determinations are reviewed for substantial evidence. *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010). We accord deference to an IJ's credibility determination and will uphold an adverse credibility finding unless the evidence compels a contrary result. *Li v. Holder*, 629 F.3d 1154,

---

[1] Singh claims that his counsel was ineffective for failing to object to admission of the DHS printouts. The BIA found—and we agree—that such claim fails for lack of prejudice.

1157 (9th Cir. 2011). "Major inconsistencies on issues material to [an] alien's claim of persecution constitute substantial evidence supporting an adverse credibility determination." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).

Here, the IJ based his adverse credibility finding in large part on discrepancies in the evidence regarding Singh's whereabouts during the time of his purported persecution in India. In particular, Singh's passport and DHS computer printouts placed Singh in Panama when he claimed to have been in India. When confronted with the contradictory evidence, Singh was unable to provide a plausible explanation for the inconsistencies. Furthermore, having carefully observed Singh when he was asked about the evidence placing him in Panama, the IJ saw no shock or surprise and otherwise found "nothing in his demeanor . . . to suggest that he was, in fact, telling the truth in his own testimony."

Because Singh did not offer a reasonable and plausible explanation for the discrepancies in the evidence, discrepancies that went to the heart of each of his claims, the discrepancies constituted substantial evidence supporting the IJ's adverse credibility finding. We must defer to the IJ's adverse credibility finding as the record does not compel a contrary conclusion.

**PETITION DENIED.**

4