**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARKAT ALI KAREDIA, | No. 07-74570 |
| Petitioner, | |
| v. | Agency No. A098-440-344 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 4, 2012
Pasadena, California

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

Barkat Ali Karedia petitions for review of the decision of the Board of

Immigration Appeals ("BIA") dismissing his appeal from the Immigration Judge's

("IJ") denial of his applications for asylum and withholding of removal from

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Pakistan. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for further consideration.

**1.** We review de novo constitutional due process claims. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We review credibility findings for substantial evidence. *Garrovillas v. I.N.S.*, 156 F.3d 1010, 1013 (9th Cir. 1998).

Where, as here, the BIA reviewed the IJ's oral decision for clear error, and also provided a written decision beyond mere boilerplate, we "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion. In so doing, we review . . . the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (internal quotation marks and citations omitted).

**2.** We have jurisdiction to review Karedia's claim that the IJ and BIA violated his due process rights when they failed to address his argument that the timeliness bar to his asylum application should be excused due to changed conditions in Pakistan. 8 U.S.C. § 1252(a)(2)(D). *See Singh v. Holder*, 649 F.3d 1161, 1164-65 (9th Cir. 2011) (en banc); *see also Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009) ("A due process violation occurs where (1) the proceeding was so fundamentally unfair that the alien was prevented from

reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." (internal quotation marks and citation omitted)).

Generally, an asylum application must be made within one year of entering the United States. 8 U.S.C. § 1158(a)(2)(B). However, various exceptions excuse a late filing, including "changed circumstances." 8 U.S.C. § 1158(a)(2)(D). In this context, "changed circumstances" specifically include "[c]hanges in conditions in the applicant's country of nationality or, if the applicant is stateless, country of last habitual residence." 8 C.F.R. § 1208.4(a)(4)(i)(A). Karedia submitted evidence to the IJ to support his claim that country conditions in Pakistan had significantly worsened at the time of his asylum application.

The IJ was "not free to ignore" Karedia's argument that Pakistan's country conditions constituted changed circumstances. *Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007) (internal quotation marks and citation omitted); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040-41 (9th Cir. 2005). In conducting his "changed circumstances" analysis, the IJ considered only the specific evidence relating to Karedia and to his brother's kidnapping. Karedia raised the IJ's failure to consider country conditions on appeal to the BIA, and the BIA did not address the argument; rather the BIA merely repeated the IJ's reasons. Because a finding

of "changed circumstances" would have removed the time bar on Karedia's asylum claim and there were "plausible grounds" on which to find "changed circumstances" and on which asylum relief could have been granted, the agency's due process violation was prejudicial. *See United States v. Reyes-Bonilla*, 671 F.3d 1036, 1049 (9th Cir.) *cert. denied*, 12-5286, 2012 WL 2931349 (2012) (finding that to establish prejudice, an alien "need only show that there were 'plausible grounds' on which he could have been granted relief " (internal citation omitted)).

**3.** We evaluate the IJ's credibility determination under the pre-REAL ID standard because Karedia filed his asylum application on December 10, 2004, before May 11, 2005. *See* Pub.L. 109-13, Div. B, Title I, § 101(h)(2), 119 Stat. 231 (May 11, 2005); *Kaur v. Gonzales*, 418 F.3d 1061, 1064 n.1 (9th Cir. 2005). None of the reasons cited by the IJ or BIA in support of the adverse credibility finding with respect to Karedia go to "the heart of the claim" and therefore none can constitute substantial evidence on which to base an adverse credibility finding. *Singh v. Gonzales*, 439 F.3d 1100, 1105-09 (9th Cir. 2006); *see also Li v. Holder*, 629 F.3d 1154, 1160 (9th Cir. 2011) ("In a pre-REAL ID Act case, absent other substantial evidence of adverse credibility, the production of corroborating evidence cannot be required."); *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655,

660 (9th Cir. 2003); *Bandari v. I.N.S.,* 227 F.3d 1160, 1165-68 (9th Cir. 2000);

*Salaam v. I.N.S.,* 229 F.3d 1234, 1238-39 (9th Cir. 2000).

Therefore, we remand on Karedia's withholding and asylum claims with directions that Karedia's testimony be credited as true. *See Soto-Olarte,* 555 F.3d 1089, 1093-96 (9th Cir. 2009).

**Petition GRANTED and REMANDED.**