

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAKOB HAKOBYAN; KHANUM MELKONYAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-75018 <br><br> Agency Nos. A075-749-241 <br> A075-750-890 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2013[**]
Pasadena, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BELL, District Judge.[***]

Hakob Hakobyan, a native and citizen of Armenia, petitions for review of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert Holmes Bell, U.S. District Court for the Western District of Michigan, sitting by designation.

the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) adverse credibility finding. We deny the petition.

In this pre-REAL ID Act case, the IJ's adverse credibility determination will be upheld only if supported by substantial evidence.[1] *Lei Li v. Holder*, 629 F.3d 1154, 1157 (9th Cir. 2011). However, we will affirm an adverse credibility determination even if "some of the factors the IJ relied upon are either unsupported or irrelevant, 'so long as one of the identified grounds is supported by substantial evidence and goes to the heart of [Hakobyan's] claim of persecution.' " *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) (quoting *Wang v. INS*, 352 F.3d 1250, 1257 (9th Cir. 2003)) (alterations omitted).

Here, the IJ identified at least two "serious inconsistencies" in Hakobyan's testimony that "go to the heart of his application." *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003). First, the inconsistency between Hakobyan's testimony and his prior declaration, regarding the identity of the individuals who attacked him on three separate occasions, is substantial evidence for the adverse credibility finding. This inconsistency goes to the heart of Hakobyan's application

---

[1] Because the BIA cited to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and did not express disagreement with any part of the IJ's decision, we review the IJ's decision directly. *Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir. 2005) (en banc).

because it raises questions about what he actually saw, whether the attacks were related, whether they were carried out by government agents, and whether they were actually motivated by Hakobyan's participation in the 21st Century party. *See Wang*, 352 F.3d at 1258.

Second, the inconsistency relating to when Hakobyan began receiving threatening phone calls is also sufficient to support the IJ's adverse credibility finding, because it raises serious questions as to whether the threatening phone calls bore any relation to Hakobyan's activities in the 21st Century party.

Because these two grounds are supported by substantial evidence, we do not decide whether the other grounds relied on by the IJ were proper bases for its decision. *See Li*, 378 F.3d at 964.

The petition for review is **DENIED**.