**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASPAL SINGH, | No. 08-71498 |
| Petitioner, | Agency No. A096-155-436 |
| v. | |
| ERIC H. HOLDER, JR., United States Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013[**]
San Francisco, California

Before: TASHIMA and BYBEE, Circuit Judges, and STAFFORD, Senior District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William H. Stafford, Jr., Senior District Judge for the
U.S. District Court for Northern Florida, sitting by designation.

Jaspal Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), affirming the immigration judge's ("IJ") denial of Singh's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The IJ found that Singh was not credible and that he otherwise failed to meet his burden of proof for asylum, for withholding of removal, and for protection under CAT. The BIA affirmed, finding no error in the IJ's findings. Because the factual and procedural background is familiar to the parties, we do not recount it here. To the extent we have jurisdiction, it is under 8 U.S.C. § 1252(a)(1). We dismiss in part and deny in part the petition for review.

Our disposition turns on the adverse credibility determination made by the IJ and affirmed by the BIA. Where, as here, the BIA upholds the IJ's adverse credibility determination based on the IJ's reasons and findings of fact, we review the IJ's determination. *Lei Li v. Holder*, 629 F.3d 1154, 1157 (9th Cir. 2011).

Singh filed his application for asylum in 2002, well before the May 11, 2005, effective date of the REAL ID Act. "Under the pre-REAL ID Act standards, this court reviews adverse credibility determinations under a substantial evidence standard." *Id.* Under that standard, the IJ's adverse credibility finding "will be upheld unless the evidence compels a contrary result." *Id.*; *see also* 8 U.S.C. §

1252(b)(4)(B) (2002) (providing that the IJ's "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). If even one basis for the IJ's adverse credibility determination is supported by substantial evidence, this court must uphold the IJ's determination. *Rizk v. Holder*, 629 F.3d 1083, 1089 (9th Cir. 2011).

The IJ articulated a number of specific and cogent reasons, each well-supported in the record, why he did not believe Singh, including: (1) Singh's nervous and agitated demeanor on cross-examination; (2) Singh's failure to provide credible explanations for the serious and blatant inconsistencies in the record; and (3) Singh's submission of at least one affidavit that was replete with serious errors, leading the IJ to conclude that the affidavit—rather than being prepared by the affiant herself—was "patently manufactured" to support Singh's claims. *See Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir. 2005) (noting that "special deference" is given to credibility determinations based on demeanor); *Kaur v. Gonzales*, 418 F.3d 1061, 1066 (9th Cir. 2005) (finding substantial support for the IJ's adverse credibility determination where the inconsistencies were "so numerous and so blatant as to cast doubt on [the applicant's] entire story"); *Akinmade v. INS*, 196 F.3d 951, 955 (9th Cir. 1999) (noting that "the presentation of a fraudulent document in an asylum adjudication for the purpose of establishing the elements of

an asylum claim" is a proper basis for an adverse credibility finding). Faced with so many indications of dishonesty, the IJ determined that Singh was unworthy of credence. Because the IJ's credibility determination is well-supported by substantial evidence in the record, we must uphold the IJ's (and BIA's) adverse credibility determination.

An applicant for asylum bears the burden of proving by clear and convincing evidence that his asylum application was filed within one year of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Here, based not only on Singh's lack of credibility but also on his failure to corroborate the date and time of his entry into the United States, the IJ found that Singh failed to present clear and convincing evidence that he filed his application on time. *See Sidhu v. INS*, 220 F.3d 1085, 1090-92 (9th Cir. 2000) (explaining that "if the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application"). The IJ's lack-of-timeliness finding requires us to dismiss Singh's asylum claim for lack of jurisdiction. 8 U.S.C. § 1158(a)(3) (providing that "[n]o court shall have jurisdiction to review any determination" made as to timeliness).

Because we uphold the IJ's adverse credibility determination, we similarly uphold the IJ's rejection of Singh's claim for withholding of removal. *See*

*Shrestha v. Holder*, 590 F.3d 1034, 1048 n.6 (9th Cir. 2010) (noting that an adverse credibility determination based on substantial evidence is sufficient to deny withholding of removal). We do not reach the IJ's alternative conclusion (which the BIA did not address) that relief is not warranted due to changed country conditions and the possibility that Singh could relocate.[1]

**PETITION DISMISSED IN PART FOR LACK OF JURISDICTION, AND DENIED IN PART.**

---

[1] Because Singh has not challenged the IJ's denial of his CAT claim before this court, any such challenge is waived. *Martinez-Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir. 1996).