FILED

**NOT FOR PUBLICATION**

OCT 18 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAYMANOUT FEREDE WORKENHE, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-73733 <br><br> Agency No. A073-634-183 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2013
San Francisco, California

Before: N.R. SMITH and NGUYEN, Circuit Judges, and QUIST, Senior District
Judge.[**]

Haymanout Ferede Workenhe petitions for review of the decision of the

Board of Immigration Appeals (BIA), affirming the immigration judge's (IJ) (1)

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for the Western District of Michigan, sitting by designation.

denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT)[1] and (2) denial of her claim (alleged in her 2001 remand motion) of a well-founded fear of future persecution based on her ethnicity and membership in the All Amharic People's Organization (AAPO) in light of changed country conditions in Ethiopia. We have jurisdiction under 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

1.	Workenhe filed her application for asylum in 1996; therefore we apply pre-REAL ID Act standards. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 n.1 (9th Cir. 2005). "Under the pre–REAL ID Act standards, this court reviews adverse credibility determinations under a substantial evidence standard." *Lei Li v. Holder*, 629 F.3d 1154, 1157 (9th Cir. 2011). Under that standard, the IJ's adverse credibility finding "will be upheld unless the evidence compels a contrary result." *Id*. We must affirm the BIA's finding if one of the bases for the adverse credibility determination is supported by substantial evidence and goes to the heart of the claim of persecution. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004).

Here, the BIA found Workenhe's testimony incredible when testifying about her passport and her brother's incarceration; both determinations are supported by

---

[1] The panel lacks jurisdiction to consider Workenhe's CAT claim, because she failed to raise it in her brief before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

substantial evidence. First, the BIA found that Workenhe's testimony surrounding the seizure and issuance of her passport was inconsistent. The record does not compel a contrary conclusion. The testimony surrounding the passport went to the heart of her claim of persecution. Workenhe was confronted with the inconsistencies, and the BIA rejected the explanation.

Second, the BIA found that Workenhe's testimony regarding her brother's incarceration and temporary release was implausible. The record does not compel a contrary conclusion. Workenhe was unable to provide a reasoned explanation regarding her brother's one-week release from jail that fortuitously coincided with her need to obtain a passport. The BIA's logical inferences regarding her brother's incarceration were within its permissible bounds when it found Workenhe's testimony implausible in light of background evidence and common sense. *Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005).

2.     We construe Workenhe's 2001 Remand Motion for consideration of changed country conditions as a motion to reopen. All parties agree.

The BIA adopted the IJ's decision regarding Workenhe's motion, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994). We will therefore "review the IJ's decision as if it were that of the BIA." *Samayoa-Martinez v. Holder*, 558 F.3d 897, 899 (9th Cir. 2009) (quoting *Abebe v. Gonzales,* 432 F.3d 1037, 1039

(9th Cir.2005) (en banc)) (internal quotation mark omitted). We review findings of fact concerning changed country conditions for substantial evidence. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir. 2004) (findings of fact are conclusive unless a reasonable adjudicator would be compelled to conclude to the contrary). Even without a finding of past persecution, Workenhe could still establish a well-founded fear of persecution based on the changed country conditions—the persecution suffered by the AAPO at the hands of the Ethiopian government. Here, the IJ determined that Workenhe does not have a well-founded fear of future persecution based on her ethnicity and association with the AAPO. Substantial evidence supports this conclusion. The IJ found that the current country reports show improvements for Amharic persons and members of the AAPO since Workenhe left Ethiopia. In particular, at the time of the IJ's decision, Amharics (the same ethnicity as Workenhe) were 25 percent of the population and the AAPO comprised 10 percent of Ethiopia's House of Representatives.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**