**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LEI LI,
                              *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,
                              *Respondent.*

No. 06-73365

Agency No.
A078-119-045

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 3, 2010—Pasadena, California

Filed January 19, 2011

Before: Alfred T. Goodwin and Johnnie B. Rawlinson,
Circuit Judges, and Jack Zouhary, District Judge.*

Opinion by Judge Goodwin;
Dissent by Judge Zouhary

*The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

## COUNSEL

Douglas Ingraham, Alhambra, California, for the petitioner.

Kevin J. Kijewski, Department of Justice, Washington, D.C., for the respondent.

## OPINION

GOODWIN, Senior Circuit Judge:

Lei Li, a native and citizen of the People's Republic of China, petitions for review of a Board of Immigration Appeals ("BIA") decision affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. Li's petition was denied based on an adverse credibility determination. We have jurisdiction to review under 8 U.S.C. § 1252. We reverse the adverse credibility determination and remand to the agency for further proceedings.

## I.  FACTS AND PROCEDURAL HISTORY

Li alleges the following facts. He became a Christian on a business visit to Korea during Christmas, 1999. After his

return to China, he hosted an underground house church, which authorities raided in April 2001, holding Li in detention for 19 days. The Chinese security authorities interrogated and beat him on a number of occasions. He was released after he confessed, his brother posted a bond of 6000 Renminbi, and Li signed a letter of guarantee promising he would not participate in house church gatherings. Losing his job over the incident, and denied the opportunity to practice Christianity, he traveled to the U.S. on a visitor visa.

Deportation hearings began when Li was found to have violated his visa by working. He made several attempts to apply for asylum, submitting a completed application on April 24, 2003, including a petition for withholding from removal under the Convention Against Torture.

At a hearing on the merits on January 26, 2005, an immigration judge made an adverse credibility finding based primarily on her belief that Li failed to demonstrate credible evidence that he is a Christian. In support of the adverse credibility finding, the IJ noted Li's evasive demeanor, inconsistency, lack of documentary proof, and failure to answer adequately what she considered basic questions about Christianity. Specifically, the IJ pointed to four facts that concerned her. Li claimed that Thanksgiving was a Christian holiday. Li knew little about the differences between the Old and New Testaments. Li testified inconsistently regarding whether he ever lived in Minnesota. And Li offered no documentary proof of his Christian beliefs. However, the IJ noted that, had a credibility finding been made, Li's application for asylum would most likely have been granted.

The BIA affirmed the IJ's decision, noting the points just discussed. For the reasons that follow, we reverse the adverse credibility determination and remand for further proceedings.

## II. STANDARD OF REVIEW

Li filed his application for asylum before the May 11, 2005 effective date of the REAL ID Act. Under the pre-REAL ID

Act standards, this court reviews adverse credibility determinations under a substantial evidence standard. *Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010). The adverse credibility finding will be upheld unless the evidence compels a contrary result. *Id.*

The BIA reviewed for clear error the IJ's findings of fact and adopted the IJ's findings of fact as its own. The adverse credibility determination of the IJ was reviewed by the BIA for clear error.[1] The BIA repeated each of the IJ's reasons for finding adverse credibility. Therefore, it is the IJ's fact-finding and the IJ's rationale for adverse credibility that are reviewed here. *See Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008).

## III. DISCUSSION

### A. There is a lack of substantial evidence to base adverse credibility on the finding that Li is not a Christian.

Refugee status can be granted as a result of past persecution plus a well-founded fear of future persecution in the home country, based on an applicant's religion. *See* 8 U.S.C. § 1101(a)(42)(A). Li identifies himself as a Christian and claims religion as the basis of his persecution in China. We must decide whether there is substantial evidence to support the IJ's determination that Li is not a Christian.

[1] To meet a substantial evidence standard of review, the IJ's opinion must "provide a legitimate articulable basis for challenging an applicant's credibility, and must offer a specific, cogent reason for any stated disbelief." *Zi Lin Chen v. Ashcroft*, 362 F.3d 611, 617 (9th Cir. 2004) (internal quotation marks, brackets, and ellipses omitted). An IJ's perception

---

[1]In its decision the BIA wrote, "We find the Immigration Judge's denial of the respondent's application on credibility grounds to be supported by the record and devoid of clear error."

of a petitioner's ignorance of religious doctrine is not a proper basis for an adverse credibility finding. *Cosa v. Mukasey*, 543 F.3d 1066, 1069-70 (9th Cir. 2008)*; see also Jiang v. Gonzales*, 485 F.3d 992, 995 (7th Cir. 2007) (noting that the State Department's Profile of Claims "informs adjudicators that 'because of a lack of access to religious training and literature, some committed Chinese Christians may have difficulty responding to' simple doctrinal questions").

**[2]** The IJ's finding that Li is not a Christian articulates two specific points in support.[2] First, Li thought Thanksgiving was a Christian holiday. Li is in good company. President Washington first declared Thanksgiving as a day of public prayer to acknowledge Almighty God. *The Thanksgiving Proclamation*, New York, October 3, 1789. President Lincoln established the modern holiday as "a day of Thanksgiving and Praise to our beneficent Father who dwelleth in the Heavens." *Proclamation of Thanksgiving*, Washington, D.C., October 3, 1863. Of course, the original source of the Thanksgiving holiday was a celebration by the Pilgrims, a sect of Christians that had escaped religious persecution in Europe. Millions of native-born American Christians undoubtedly think of Thanksgiving as a Christian holiday. Although possibly showing some confusion[3] about the holiday, Li ultimately limited

---

[2]In addition to these two points, the BIA also noted that "the respondent's answers as to basic tenets of Christianity were not compelling evidence to sustain alone a finding that he was credible." The BIA did not attempt to define the basic tenets of Christianity. Further, Li did not offer these answers "alone" as his only basis for credibility in his assertion that he is a Christian. But as the BIA has adopted and affirmed the IJ's findings of fact and rationale for adverse credibility, it is the IJ's opinion that this court reviews. *Tekle*, 533 F.3d at 1051. Ultimately, though, an IJ's perception of a petitioner's ignorance of religious doctrine is not a proper basis for an adverse credibility finding. *Cosa*, 543 F.3d at 1069-70.

[3]Reviewing the January 26, 2005 merits hearing, it seems that Li was not provided a translator fluent in English. Confusion throughout the hearing record that, at first glance, may be ascribed to Li may in fact be confusion in translation.

his statement by noting that Thanksgiving was not a "pure holy religious holiday."

The second piece of evidence cited by the IJ in finding that Li was not a Christian came when Li was questioned about the differences between the Old and New Testaments. Li could only point to the fact that the Old Testament was written in Hebrew, while the New Testament was written in Greek. Li's inability to say more was viewed by the IJ as an important factor calling Li's Christianity into question.

Against these points, in describing his conversion to and practice of Christianity, Li cited his belief that Jesus came to save people from sin, that He willingly died on the cross, that He rose from the dead on the third day, that 40 days later He ascended into heaven, and that, in this way, He "save[s] our lives." Li rejected the Chinese government's officially sanctioned churches as having a "different Lord than we do. . . . [t]heir Lord is the government, not God." Li says his pastor teaches "as long as you believe in God, belie[ve] Jesus, we're all brothers and sisters." Further, Li has given the date and circumstances of his conversion, testified that he organized and hosted an underground Christian house church in China, that he fled China because he was not able to practice his Christian beliefs, that he has been going to a Christian church since he arrived in Los Angeles in August 2001, the name and address of that church and the pastor's name, that he celebrates Christmas and Easter, and that he is still a Christian.

[3] The specific evidence in the IJ's opinion that Li is not a Christian includes only the answers to the two questions, discussed above. The Old/New Testament answer is scant evidence for such a finding. The Thanksgiving answer is no evidence at all. But more importantly, an IJ's perception of a petitioner's ignorance of religious doctrine is not a proper basis for an adverse credibility finding. *Cosa*, 543 F.3d at 1069-70.

**[4]** As a matter of law, the IJ applied the wrong standard to find Li incredible and to deny him asylum through an adverse credibility determination. The IJ has not stated a legitimate articulable basis for challenging Li's claim that he is a practicing Christian.

**B.  There is a lack of substantial evidence to base adverse credibility on the finding that Li was evasive or inconsistent.**

**[5]** We next address the charges of inconsistency and evasiveness.[4] A minor inconsistency or incidental misstatement that does not go to the heart of an applicant's claim does not support an adverse credibility determination. *Zi Lin Chen*, 362 F.3d at 617, 620. Absent specific examples of evasiveness or inconsistency, a general declaration of evasiveness or inconsistency is insufficient to support adverse credibility. *See Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir. 1998). When an IJ identifies what might be substantial inconsistencies in the evidence, she must give the petitioner a reasonable opportunity to explain any perceived discrepancies before such discrepancies can serve as a basis for denial of asylum. *Joseph*, 600 F.3d at 1244-45.

**[6]** The IJ's principal stated example of inconsistent testimony concerns whether Li resided in Minnesota. It is undisputed that Li lived in Sioux Falls, South Dakota, a city about ten miles from the Minnesota border, when he first arrived in the U.S. It is also clear that Li traveled to Minnesota several times for his initial hearings in Bloomington.

At trial, Li was asked a compound question by his own attorney on direct examination, "Q. Did you live in the Midwest for a period of time? Minnesota? A. Yes." Li soon clari-

---

[4]The IJ also bases her adverse credibility finding on Li's demeanor. However, the IJ says nothing more about Li's demeanor beyond the charges of inconsistency and evasiveness.

fies that he was in Minnesota only for the purpose of going to court. The issue is revisited later on cross-examination.

> "Q. And you earlier testified that you were in Minnesota at one point, is that correct? A. Yes, to go to the court. Q. And when did you start living in Minnesota? A. I went there based on the notice to go to the court. I usually arrive on there one day before the court date from Los Angeles and after I finish my court appearances I return to Los Angeles. Q. So you are saying you never lived there? A. No. Not living there, no."

**[7]** Li answered one half of a compound question truthfully, he did live in the Midwest, and then quickly clarified the issue both on his own, and again later when asked. This is possibly another problem of translation, as evidenced by the translator's inability to render Li's answers in proper English. But in any case, this is at most a minor inconsistency or incidental misstatement that does not go to the heart of Li's claim, and does not, therefore, support an adverse credibility determination. *Zi Lin Chen*, 362 F.3d at 617, 620.

On the issue of evasiveness, the IJ cites Li's testimony on cross-examination, specifically his claim that Thanksgiving is a Christian holiday, and Li's inability to distinguish the Old and New Testaments. On the Thanksgiving issue, the IJ misread the record. In her oral decision, the IJ states that Li testified that Christians all around the world celebrate Thanksgiving. But that is not what the record shows: "Q. So [Thanksgiving] is observed by all Christians all over the world? A. That is not the case." Li goes on to say that his pastor told him that almost all the Christians in the world celebrate Thanksgiving, but the pastor also "explained to me that Thanksgiving it's in America."

The IJ also noted inconsistency between Li's testimony and

documentary evidence in the record.[5] The only specific example cited by the IJ is Li testifying that he lived in South Dakota for less than 20 days, not from July 2001 to March 2002 as written on his asylum application. As above, this represents a misstatement that does not go to the heart of, and does nothing to support, Li's claim. It does not, therefore, support an adverse credibility determination. *Id.*

[8] The IJ's lack of further specific citations of documentary versus testimonial inconsistency provides this court with no further opportunity to review the finding. Absent specific examples of evasiveness or inconsistency, a general declaration of evasiveness or inconsistency is insufficient as a basis for adverse credibility. *Garrovillas*, 156 F.3d at 1013.

[9] The Thanksgiving and Old Testament/New Testament answers, then, are the sole evidence remaining to establish Li as evasive or inconsistent. Neither of Li's answers can be described as evasive. Nor are they inconsistent with other testimonial or documentary evidence given by Li. The IJ has not stated a legitimate articulable basis for challenging Li's credibility on the basis of evasiveness or inconsistency.

---

[5]The BIA on review gives a further example of its own. The BIA charges that Li was "circumspect" as to his address in the U.S., citing "Tr. at 1-6; Exh. 7." Exhibit 7 is contact information provided to the Immigration and Naturalization Service by Li. Li lists three phone numbers and three addresses, two in South Dakota and one in California, in what appears to be an attempt to assure that he could be contacted. One of the addresses is annotated "home." In every court document since March 2002, Li has given the same Alhambra home address. The BIA's argument about Li's circumspect behavior is not clear. In any case, however, the BIA adopted and affirmed the IJ's fact finding, so it is the IJ's fact finding that this court reviews. *Tekle*, 533 F.3d at 1051. Even if this BIA finding about addresses could be reviewed and considered as an attempt at evasiveness, the attempt does nothing to enhance Li's claim, and therefore, cannot be the basis for an adverse credibility finding. *Zi Lin Chen*, 362 F.3d at 620.

## C.  Absent other substantial evidence of adverse credibility, corroborating evidence cannot be required.

**[10]** In a pre-REAL ID Act case, absent other substantial evidence of adverse credibility, the production of corroborating evidence cannot be required. *Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 855 (9th Cir. 2004). When credibility is the only issue on appeal, and once each of the IJ's reasons for finding adverse credibility is shown to be defective, this court accepts a petitioner's testimony as credible. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009).

## IV.  CONCLUSION

**[11]** Here, substantial evidence does not support a finding that Li is not a Christian, nor does it support a finding that Li was evasive or inconsistent in his testimony. Given the lack of substantial evidence to support adverse credibility, a reasonable adjudicator is compelled to find otherwise. With no other support for an adverse credibility finding, the IJ could not require Li to provide corroborating evidence. Li's failure to provide such evidence then provides no support for an adverse credibility determination. *Lopez-Alvarado*, 381 F.3d at 855. We reverse the adverse credibility determination, and remand to the agency for further proceedings consistent with this opinion.

REVERSED and REMANDED

---

ZOUHARY, District Judge, dissenting:

I respectfully dissent.

The majority concludes that there is a lack of substantial evidence upon which the Immigration Judge ("IJ") could have based an adverse credibility determination. While I agree,

based on the record before us, that support for the IJ's decision is weak, I favor remanding this matter for clarification of the findings by the IJ and, if necessary, for the IJ to conduct a supplemental hearing to clarify any credibility determination.