FILED

**NOT FOR PUBLICATION**

JUN 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HASSANEN ABDULKARIM MOHAMED, | No. 06-72349 |
| Petitioner, | Agency No. A075-643-930 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Hassanen Abdulkarim Mohamed, a native and citizen of Somalia, petitions

for review of the Board of Immigration Appeals' ("BIA") orders dismissing his

appeals from an immigration judge's ("IJ") decisions denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's findings of fact, including adverse credibility findings. *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001). We grant the petition for review and remand.

The IJ's finding that Mohamed used a boiler-plate asylum application is not supported by the record, because Mohamed substantially amended his application and submitted a supplemental declaration. *See Paramasamy v. Ashcroft*, 295 F.3d 1047, 1052-54 (9th Cir. 2002) (rejecting the agency's reliance on "perceived inconsistencies not based on the evidence"). In addition, the IJ's finding that Mohamed's identity was in doubt because he used fraudulent documents to leave Kenya and enter the United States is not supported because Mohamed's use of the false documents was consistent with his asylum claim. *See Kaur v. Ashcroft*, 379 F.3d 876, 889 (9th Cir. 2004). The IJ's findings that Mohamed was not credible because he provided an "unpalatable" explanation for possessing his mother's ration card, failed to display sufficient emotion and nervousness while testifying, and was able to recall the precise dates of the attack on his family home and other events are based on improper speculation or conjecture. *See Ge v. Ashcroft*, 367 F.3d 1121, 1124-25 (9th Cir. 2004). Further, the IJ's perception that Mohamed should have described the Tunni clan as patrilineal is not a basis for an adverse

credibility finding, when Mohamed described multiple other Tunni clan

characteristics consistent with documents in the record. *See Li v. Holder*, 629 F.3d

1154, 1158 (9th Cir. 2011). Finally, the IJ's remaining findings impermissibly rely

upon minor details that did not go to the heart of Mohamed's claim. *See*

*Garrovillas v. INS*, 156 F.3d 1010, 1014 (9th Cir. 1998). Accordingly, substantial

evidence does not support the IJ's adverse credibility determination. *See Tekle v.*

*Mukasey*, 533 F.3d 1044, 1055-56 (9th Cir. 2008).

We reverse the IJ's determination that Mohamed filed a frivolous asylum

application because it is based on unsupported adverse credibility findings.

Accordingly, we remand for the agency to assess Mohamed's asylum,

withholding of removal, and CAT claims on the merits, deeming his testimony

credible. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-Olarte*

*v. Holder*, 555 F.3d 1089, 1093-96 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**