**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHIKAI QIAN,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　　Respondent. | No. 10-70030<br><br>Agency No. A097-883-799<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before: 　FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

　　Zhikai Qian, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT"). We have

---

　　[*] 　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**] 　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we grant the petition for review and remand.

The IJ denied Qian's claims based on an adverse credibility determination. The IJ's finding that Qian's wife's letter omits the central points of Qian's claim is not supported because it is based on a mischaracterization of the letter. *See id.* at 1052-55 (adverse credibility finding not supported where IJ mischaracterized evidence and characterized evidence out of context). The IJ's finding that Qian was often non-responsive is not supported because the IJ did not identify any instances in the record where Qian refused to answer questions. *See Garrovillas v. INS*, 156 F.3d 1010, 1014-15 (9th Cir. 1998) (IJ "fail[ed] to specify any particular instances in his testimony when [petitioner] refused to answer questions"). In addition, the inconsistency in Qian's testimony regarding his wife's employment and termination from employment was an incidental misstatement. *See Li v. Holder*, 629 F.3d 1154, 1158 (9th Cir. 2011) ("A minor inconsistency or incidental misstatement that does not go to the heart of an applicant's claim does not support an adverse credibility determination."). Finally, the IJ's two implausibility findings are based on improper speculation. *See Zhou v. Gonzales*, 437 F.3d 860, 865 (9th Cir. 2006) (implausibility that applicant would risk privileged position in

society to smuggle illegal material into China for a friend was based on speculation). Because the IJ's reasons for finding Qian not credible are not supported by substantial evidence, Qian is not required to corroborate his claim with additional evidence. *See Salaam v. INS*, 229 F.3d 1234, 1239 (9th Cir. 2000). Accordingly, substantial evidence does not support the IJ's adverse credibility determination. *See Tekle*, 533 F.3d at 1055.

We grant the petition for review and remand to the agency.

**PETITION FOR REVIEW GRANTED; REMANDED.**