**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUZANNA KARAPETYAN, | No. 07-74961 |
| Petitioner, | Agency No. A098-534-677 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of
The Board of Immigration Appeals

Argued and Submitted November 8, 2012
Pasadena, California

Before: GOODWIN and O'SCANNLAIN, Circuit Judges, and ZOUHARY, District
Judge.[**]

Petitioner Ruzanna Karapetyan ("Karapetyan"), a native of Armenia, challenges

the Board of Immigration Appeals ("BIA") decision affirming the Immigration

Judge's ("IJ") adverse credibility determination and corresponding denial of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jack Zouhary, District Judge for the U.S. District Court
for the Northern District of Ohio, sitting by designation.

Karapetyan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). This court has jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination. In pre-REAL ID Act cases, such as this one, the IJ's determination must be upheld if supported by substantial evidence in the record. *Lei Li v. Holder*, 629 F.3d 1154, 1157 (9th Cir. 2011). As long as *one* of the identified grounds underlying an adverse credibility finding is supported by substantial evidence and goes to the heart of the claim of persecution, this court must affirm that finding. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004).

While the purported inconsistences identified by the IJ are not supported by substantial evidence, the implausibility findings are supported. *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007) (holding that an IJ's credibility determination will be upheld unless "the evidence *compels* a contrary result" (emphasis in original) (internal citation omitted)). The IJ found several parts of Karapetyan's story to be implausible: (1) the Armenian Ministry of National Security ("MNS") would attack Karapetyan on election day to prevent her from delivering a report documenting voting irregularities when such irregularities were commonly known and widespread; (2) the MNS would attempt to conscript Karapetyan as an informant given her minimal and low-level

2

participation in opposition political party activities; and (3) Karapetyan would not have sought to learn the fate of other party members, including her traveling companion, after alleged physical attacks on election day. Karapetyan was unable to provide an explanation for any of the implausibilities identified by the IJ. The IJ was within permissible bounds when he found Karapetyan's testimony implausible in light of background evidence and common sense. *Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005).

Karapetyan also claimed she was hospitalized in connection with a miscarriage she suffered shortly after the alleged attack but was unable to provide any corroborating evidence of a miscarriage. She then explained that she did not attempt to contact family members to obtain corroborating evidence because she feared for her own safety and her family's safety should the MNS learn their whereabouts. However, evidence in the record supports the conclusion that the MNS could have learned the whereabouts of Karapetyan and her family if it so desired. Karapetyan's exit visa indicating that she was traveling to the United States was in her passport when it was stamped as she left Armenia. Further, her parents lived in the same place for forty-five years, making it easy for the MNS to locate them if it wished. Simply put, Karapetyan's story just does not add up, and her implausible story, coupled with

3

her failure to provide *any* corroborating evidence, is fatal to her petition. *See Chawla v. Holder*, 599 F.3d 998, 1005 (9th Cir. 2010).

Because Karapetyan was not credible, her claims for asylum, withholding of removal, and CAT were properly denied.

**PETITION DENIED.**