**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHAN JOHNY SUMOLANG; BERAWATI NOTOREDJO,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>Respondent. | No. 08-73164<br><br>Agency Nos.    A095-295-985<br>                       A095-295-986<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 5, 2013
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and KENNELLY, District Judge.[**]

Johan Sumolang and Berawati Notoredjo, a married couple, appeal from a

decision by the Board of Immigration Appeals ("BIA") upholding the Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture. In an opinion filed concurrently with this memorandum, we address Ms. Notoredjo's claims and grant, in part, her petition for review. Here, we address Mr. Sumolang's claims.

The BIA did not rule on the merits of Mr. Sumolang's asylum claim because he filed his application in 2002, well past the one-year deadline prescribed by 8 U.S.C. § 1158(a)(2)(B). Mr. Sumolang argues that the BIA erred by not excusing his late filing as the consequence of (1) extraordinary personal circumstances or (2) changed circumstances in Indonesia. 8 U.S.C. § 1158(a)(2)(D). As these are both arguments he advanced jointly with Ms. Notoredjo, we addressed them in our published opinion. For the same reasons stated there, we do not have jurisdiction to review Mr. Sumolang's first contention, *see Gasparyan v. Holder*, 707 F.3d 1130, 1133–34 (9th Cir. 2013), and we reject his second contention. *See Sumolang v. Holder*, No. 08-73164, slip op. (9th Cir. 2013).

We conclude that neither of the grounds on which the BIA upheld the IJ's adverse credibility determination (which provided the basis for denying Mr. Sumolang's remaining claims) is supported by substantial evidence. First, the BIA pointed to Mr. Sumolang's "inconsistent" testimony about his daughter's birth date. But Mr. Sumolang's testimony about the birth date was not inconsistent.

2

Rather, the IJ deemed Mr. Sumolang's consistent explanation for the conflicting dates listed on his daughter's official birth and death certificates *implausible*. In rejecting Mr. Sumolang's explanation that the discrepancy resulted from poor bookkeeping, the IJ observed: "Indonesia is a country with a burgeoning population . . . . If the Indonesian record keepers simply ignore the facts when making records, chaos would soon result in Indonesian society." This reasoning is "fatally flawed," *Osorio v. INS*, 99 F.3d 928, 931 (9th Cir. 1996) (quoting *Aguilera-Cota v. INS*, 914 F.2d 1375, 1381 (9th Cir. 1990)), because it is totally speculative, *Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir. 2004), *superseded by statute on other grounds*, REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, and it is additionally insufficient because it is undermined by the State Department Country Reports in the administrative record. For example, the Department reported in 2003 that Indonesia's "civil registration system continued to discriminate against members of minority religions," resulting in widespread failure to properly register the births of those individuals.

Second, the BIA pointed to contradictions the IJ identified in Mr. Sumolang's testimony about his time in police custody. But these contradictions are either nonexistent or do not go to the heart of Mr. Sumolang's claim. *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006). The IJ believed that Mr.

3

Sumolang did not testify he had been beaten with a stick until very late in the proceedings, but Mr. Sumolang clearly mentioned the beating in a declaration attached to his asylum application. The IJ also flagged a statement in Mr. Sumolang's application that he was deprived of food and water, deeming this irreconcilable with his testimony that he was given "filthy" food and drain water. This is not necessarily a contradiction, but if it is, it does not enhance the degree of the alleged persecution. *See Stoyanov v. INS*, 172 F.3d 731, 736 (9th Cir. 1999). Finally, the IJ noted that Mr. Sumolang stated in his application that relatives brought him food and water to prevent him from starving in custody, but he later testified that this was a mistake by his application preparer, and the only food came from his captors. Any discrepancy about the source of the food available while Mr. Sumolang was being detained and beaten by officers who had learned of his religion is peripheral to his claim and to the reasons Mr. Sumolang fears returning to Indonesia. *See Singh*, 439 F.3d at 1108–09. Furthermore, such an inconsistency cannot support an adverse credibility finding, absent other evidence of dishonesty, when it is attributable to the applicant's use of a translator to prepare his application. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064–65 (9th Cir. 2005).

The IJ and the BIA's errors were the product of speculation and an incomplete review of the contents of Mr. Sumolang's application, indicating that

4

both strained to find reasons to support an adverse credibility finding but failed to do so. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1094–95 (9th Cir. 2009). We therefore instruct the agency on remand to deem Mr. Sumolang credible and adjudicate his claims for withholding of removal and protection under the Convention Against Torture. *See Lei Li v. Holder*, 629 F.3d 1154, 1160 (9th Cir. 2011); *Chawla v. Holder*, 599 F.3d 998, 1009 (9th Cir. 2010).

**PETITION FOR REVIEW GRANTED in part, DENIED in part, DISMISSED in part, and REMANDED.**

**Cost awarded to the petitioners.**