FILED

**NOT FOR PUBLICATION**

MAR 12 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YINGCHUN ZHANG, | No. 10-70985 |
| Petitioner, | Agency No. A096-060-628 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2014
San Francisco, California

Before: O'SCANNLAIN and MURGUIA, Circuit Judges, and ADELMAN,
District Judge.**

Petitioner Yingchun Zhang, a native and citizen of the People's Republic of

China, petitions for review of a final order of removal issued by the Board of

Immigration Appeals ("BIA"). We have jurisdiction under 8 U.S.C. § 1252.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

Petitioner concedes that she is removable but seeks review of the BIA's denial of her applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). Petitioner claims she will be persecuted on account of her religion if she is sent back to China. She is a Christian, and she relied primarily on her own testimony to prove her persecution claim. The immigration judge ("IJ") denied her relief because he found she was not credible, and the BIA affirmed. We review the BIA's credibility determination under the substantial evidence standard. *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005). However, because this is a pre-REAL ID Act case, the BIA must provide at least one specific, cogent reason to support its adverse credibility finding that goes to the heart of the applicant's claim of persecution. *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007).

The BIA found that petitioner was not credible for four reasons. First, it noted that Petitioner had failed to mention in her asylum application that she had been arrested while living in the United States. This fact does not go to the heart of Petitioner's claim that she was persecuted while living in China. *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006) ("An inconsistency goes to the heart of a claim if it concerns events central to petitioner's version of why he was persecuted and fled.").

2

Second, the BIA noted that Petitioner had failed to mention in her asylum application or in her testimony on the first day of the hearing that her daughter had an accident shortly after Petitioner was introduced to Christianity. Petitioner first mentioned her daughter's accident when she was being cross-examined on the second day of the hearing because she said it was one of the reasons she decided to convert to Christianity. She said she had prayed for her daughter and her daughter's recovery helped solidify her faith in God. The BIA found that this testimony was inconsistent with the rest of Petitioner's story and that it was unreasonable for her to have waited so long to mention the accident because she claimed it was critical to her decision to convert. These findings are not supported by substantial evidence. Petitioner's testimony was not inconsistent. On direct examination, she said her husband had developed a gambling problem, and her friend, Hu Ying, heard about it and told Petitioner to turn to God for help and become a Christian. On cross, she said her daughter had an accident shortly after she spoke with Hu Ying and she remembered Hu Ying's advice and prayed to God for help. Petitioner's delay in mentioning the accident is explained by the fact that she was asked different questions on direct and cross. On direct, her attorney asked how Petitioner was introduced to Christianity. On cross, Respondent asked, "What were some of the things that inspired you to become a Christian?" and "Why did

you decide to convert to Christianity personally?" Administrative Record ("A.R.") 244, 249–50.

The BIA may have also relied on the IJ's observations about Petitioner's demeanor. The IJ found Petitioner's testimony to be inconsistent because she was "very poised" when discussing her husband's gambling problem but showed a "tremendous amount of emotion" when talking about her daughter's accident. A.R. 62–63. This finding is not supported by the record. When petitioner first spoke about her husband's gambling problem, the translator said he could not understand what she was saying because she was "sobbing." A.R. 161. The IJ then said, "Ma'am, you appear to be becoming emotional. There's some tissue to the right if you need that." *Id.* The IJ did not discuss this exchange in his opinion.

Third, the BIA found that Petitioner's account of how she was able to leave China was inconsistent. Again, the BIA's finding is not supported by substantial evidence. The BIA found that it would be impossible for petitioner to get a passport and leave China using her own documents if she was actually under surveillance by local officials and prohibited from leaving her hometown. As support for this conclusion, the BIA pointed to petitioner's testimony that she did not believe her husband would be able to leave China because he has a bad record. Any argument about what Petitioner's husband could or could not do is based on

4

speculation because Petitioner said he never tried to get a passport. *See Singh*, 439 F.3d at 1105 ("[A]n IJ may not base adverse credibility determinations on speculation or conjecture not supported by evidence in the record."). And petitioner offered a plausible explanation for how she was able to obtain a passport. She said she paid bribes to public officials, which is consistent with evidence submitted by respondent that shows corruption is widespread in China and that corrupt officials often help people procure both fake and genuine travel documents. Petitioner also plausibly explained how she was able to leave town to apply for a visa at the U.S. embassy. She said the surveillance she was under was very loose. She was required to report to the police station once a week and local officials stopped by her house every few days, but otherwise she was allowed to go about her regular business.

Finally, the BIA noted that Petitioner had failed to provide a letter or affidavit from her husband to corroborate her testimony. However, without a legitimate basis for questioning her credibility, the BIA could not require Petitioner to produce corroborating evidence. *See Li v. Holder*, 629 F.3d 1154, 1160 (9th Cir. 2011) ("In a pre-REAL ID Act case, absent other substantial evidence of adverse credibility, the production of corroborating evidence cannot be required."). For all of these reasons, we will deem Petitioner's testimony credible. *See Soto-Olarte v.*

5

*Holder*, 555 F.3d 1089, 1094–95 (9th Cir. 2009) (noting that this court may deem an asylum applicant credible if "[i]t is apparent from the record before us that the IJ and BIA have listed all possible reasons to support an adverse credibility determination").

If her testimony were deemed credible, the IJ found that Petitioner would have carried her burden of proof to show she suffered past persecution and has a well-founded fear of future persecution, and Respondent did not challenge this conclusion. As a result, Petitioner is presumed to be eligible for asylum and entitled to withholding of removal unless Respondent presents evidence that rebuts this presumption. *See* 8 C.F.R. § 208.13(b)(1) (noting that an applicant who shows past persecution is presumed to be eligible for asylum unless the government demonstrates that there has been a fundamental change in circumstances or that the applicant can safely relocate within her country of nationality); 8 C.F.R. § 1208.16(b)(1)(i) (applying same rule to applications for withholding of removal). Respondent has not presented any such evidence. Therefore, we grant Petitioner's application for withholding of removal and find that she is eligible for asylum. We remand for the Attorney General to exercise discretion in deciding whether to grant Petitioner asylum. Because we grant Petitioner withholding of removal, we do not remand the case for consideration of her application for relief under the CAT.

**PETITION FOR REVIEW GRANTED. Withholding of removal**

**GRANTED. Asylum claim REMANDED.**

*Zhang v. Holder*, 10-70985

O'SCANNLAIN, Circuit Judge, dissenting:

Because substantial evidence supports the adverse credibility finding, I respectfully dissent.

When asked why she converted to Christianity, Yingchun Zhang told an emotional story centering on her daughter's accident and the fear she felt for her daughter's safety. In determining that Zhang's testimony was not credible, the immigration judge ("IJ") relied on the fact that Zhang first mentioned this story on cross-examination, rather than in her asylum application. In affirming the IJ's adverse credibility determination, the Board of Immigration Appeals ("BIA") reasoned:

> [Zhang] omitted from her asylum application the daughter's accident and the role her daughter played in [her] conversion to Christianity. Given the emotional impact the daughter's accident had on the respondent during her testimony, it was not unreasonable for the Immigration Judge to expect this information to be included in [Zhang's] asylum application. Accordingly, this significant omission supports the Immigration Judge's adverse credibility determination.

As the BIA rightly noted, significant omissions can support an adverse credibility finding, even in pre–REAL ID Act cases. In *Kin v. Holder*, we ruled that:

1

> Petitioners omitted any mention of their participation in a demonstration that is the entire basis for their claim for political asylum. When confronted with the omission at the asylum hearing, Kin stated that he felt inclusion in the asylum applications was not necessary because the demonstration would be discussed at the hearing. This explanation is not persuasive enough to compel the conclusion that the omissions were immaterial.

595 F.3d 1050, 1057 (9th Cir. 2010).

In this case, Zhang's written application failed to mention the reason for her conversion to Christianity, which was the basis for her claims. When asked to explain why she never mentioned her daughter's accident before her cross-examination testimony, Zhang claimed that her daughter's accident was not very significant in her conversion: "Actually, my husband's issue is the major reason that inspired me to believe God." In light of the emotion with which Zhang described her daughter's accident, her subsequent "explanation is not persuasive enough to compel the conclusion that the omission[ was] immaterial." *Id.*

For the foregoing reasons, I would deny the petition.

2