FILED

DEC 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| YERANUHI AYVAZYAN, | No. 09-73980 |
| Petitioner, | Agency No. A075-584-881 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 29, 2015**
Pasadena, California

Before: PREGERSON, BERZON, and CHRISTEN, Circuit Judges.

Yeranuhi Ayvazyan seeks review of a final order of the Board of

Immigration Appeals ("BIA") dismissing her appeal from the decision of an

Immigration Judge ("IJ") denying her asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). Ayvazyan sought

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum on the basis of persecution she had suffered in Armenia as a result of her Bahá'í faith.

1. The IJ's determination that Ayvazyan's testimony was not credible, which the BIA adopted and affirmed, is supported by substantial evidence. *See Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011). The IJ identified inconsistencies regarding whether Ayvazyan is, in fact, Bahá'í. At the beginning of her testimony, Ayvazyan stated she was born into Bahá'í faith. But she later testified that she is not now Bahá'í, had never been Bahá'í, and only her husband had been Bahá'í. The government and the IJ gave Ayvazyan "a reasonable opportunity to explain [this] perceived discrepanc[y,]" *Lei Li v. Holder*, 629 F.3d 1154, 1159 (9th Cir. 2011), but Ayvazyan did not provide a cogent answer. This credibility issue goes to the heart of Ayvazyan's claim that she would suffer future persecution in Armenia on account of her Bahá'í faith.

2. The IJ's conclusion that Ayvazyan failed to demonstrate a well-founded fear of future persecution was supported by substantial evidence. The information cited by the IJ supports the conclusion that conditions in Armenia have changed for minority religions. The IJ cited a State Department International Religious Freedom Report showing that, since Ayvazyan had left Armenia, the country's constitution had been amended to provide for freedom of religion and that minority

religions were tolerated.  Ayvazyan proffered no evidence suggesting that members of the Bahá'í faith are currently persecuted in Armenia.  The IJ's conclusion, which the BIA affirmed, is thus supported by substantial evidence.  *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d  995, 1000 (9th Cir. 2003) ("[W]here the BIA rationally construes a[] . . . country report and provides an 'individualized analysis of how changed conditions will affect the specific petitioner's situation,' substantial evidence will support the agency determination." (quoting *Borja v. INS*, 175, F.3d 732, 738 (9th Cir. 1999)).

3. As Ayvazyan failed to meet her burden of proof for asylum, she necessarily failed to meet the higher burden of proof for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).  She also failed to establish that she would more likely than not be tortured if she returned to Armenia.

The petition for review is DENIED.

3