
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURDEEP SINGH, | No. 13-70004 |
| Petitioner, | Agency No. A089-697-696 |
| v. | |
| LORETTA E. LYNCH, Attorney General | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 18, 2015
San Francisco, California

Before: McKEOWN, RAWLINSON, and PARKER,[**] Circuit Judges.

Gurdeep Singh, a native and citizen of India, petitions for review of an order

of the Board of Immigration Appeals ("BIA") dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

("CAT") on the basis of an adverse credibility determination. We have jurisdiction to review under 8 U.S.C. § 1252 and review denials of these three forms of relief for substantial evidence. *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014). We hold that substantial evidence supported the IJ's decision and deny the petition for review.

Under the REAL ID Act, an inconsistency between an asylum applicant's written statement and oral testimony can give rise to an adverse credibility determination, even if that inconsistency does not "go[] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011). The IJ found, and the BIA affirmed, a number of substantial inconsistencies between Singh's sworn statement and his oral testimony. Specifically, she found inconsistencies regarding how the police clerk in his home village treated him when he filed a complaint, whether and when he filed a second complaint in another district, and who was present when he was released from police custody.

To reverse an adverse credibility determination, "we must find that the evidence not only *supports* a contrary conclusion, but *compels* it." *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (internal alteration omitted) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)). Even if Singh's explanations for

2

these inconsistencies are plausible, we have compared his sworn statement to the hearing transcript and do not find these explanations compelling. The transcript also shows that the IJ clearly asked Singh about the discrepancies between his written and oral testimony, and thus the IJ provided him with a reasonable opportunity to resolve these discrepancies, *see Lei Li v. Holder*, 629 F.3d 1154, 1159 (9th Cir. 2011).

The IJ additionally supported her adverse credibility determination with a finding about Singh's "demeanor." Specifically, the IJ found that Singh "broke down and cried" in describing his father's death, but not in describing his alleged abuse by the police. The BIA affirmed this finding. We are dubious that an adverse credibility determination may appropriately be based on an applicant's failure to display a particular emotion in these circumstances, particularly since "[a]dverse credibility findings may not be based upon speculation or conjecture." *Kumar v. Gonzales*, 444 F.3d 1043, 1050 (9th Cir. 2006).

Nevertheless, we need not reach this issue because other inconsistencies cited by the IJ are sufficient to uphold her adverse credibility determination. The REAL ID Act authorizes an IJ to "consider[] the totality of the circumstances" in making a credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii). Based on this language, we must grant "a healthy measure of deference to agency credibility

3

determinations." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010). An IJ's analysis of the circumstances is sufficient if she cites "specific instances in the record" and provides "specific and cogent reasons in support." *Id.* at 1042–43. Here, the IJ offered specific examples of inconsistencies in Singh's statements and supported them with comparisons between his sworn statement and his answers to questions at his hearing. Furthermore, Singh has not pointed to other facts that would undermine the IJ's adverse credibility determination. We conclude that the IJ fairly considered the record as a whole in noting the inconsistencies. *See id.* at 1040–41.

An asylum applicant bears the burden of proof to establish that he is a refugee. 8 U.S.C. § 1158(b)(1)(B)(i). The IJ's adverse credibility determination allowed her to find that Singh did not carry his burden. *See Ling Huang*, 744 F.3d at 1156. Because Singh did not meet the burden of proof of asylum, he necessarily failed to meet the more stringent burden of proof for withholding of removal. *Id.* In addition, since the same factual assertions underlie his claims for asylum and for protection under CAT, substantial evidence supports the IJ's denial of relief under CAT. *See id.*

**PETITION FOR REVIEW DENIED.**