**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OMKAR SHRESTHA,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.  17-70096<br><br>Agency No. A206-361-030<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2019[**]
San Francisco, California

Before:  McKEOWN and W. FLETCHER, Circuit Judges, and EZRA,[***] District
Judge.

Omkar Shrestha, a native and citizen of Nepal, petitions for review of the

Board of Immigration Appeals' ("BIA") denial of his application for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

withholding of removal, and relief under the Convention Against Torture ("CAT"). Shrestha claimed he was eligible for relief because he had been physically attacked by Maoists due to his membership in the Nepali Congress Party.

"Where, as here, the BIA agrees with and incorporates specific findings of the [Immigration Judge ("IJ")] while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We have jurisdiction under 8 U.S.C. § 1252 and we affirm.

## Asylum and Withholding of Removal

An applicant for asylum and withholding of removal bears the burden of establishing eligibility. 8 U.S.C. §§ 1158(b)(1)(B)(I), 1229a(c)(4)(A).

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible . . . ." 8 U.S.C. § 1158(b)(1)(B)(ii). The REAL ID Act, which governs claims filed after May 11, 2005, provides the standard for determining an applicant's credibility, including a list of relevant factors. 8 U.S.C. § 1158(b)(1)(B)(iii); *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). "For each factor forming the basis of an adverse credibility determination, the IJ should refer to specific instances in the record that support a conclusion that the factor undermines credibility." *Shrestha*, 590 F.3d at 1044.

The BIA here upheld the IJ's adverse credibility determination. An adverse credibility determination is reviewed for substantial evidence. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). "Under the substantial evidence standard, the court upholds the BIA's determination unless the evidence in the record compels a contrary conclusion." *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (quoting *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007)).

The evidence in the record does not compel a positive credibility determination. The IJ permissibly relied on inconsistencies between Shrestha's credible fear interview—which was conducted under oath through an interpreter and the admission of which Shrestha did not challenge—and his hearing testimony, as well as the omission of the alleged attack on Shrestha from his father's supporting letter. As required, the IJ gave Shrestha an opportunity to explain the inconsistencies. *See Shrestha*, 590 F.3d at 1044 (holding that an immigration judge "should consider . . . the petitioner's explanation for a perceived inconsistency"). Shrestha's explanations, while plausible, were not so obviously correct that the IJ was compelled to credit them. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("If the IJ reasonably rejects the alien's explanation, . . . the IJ may properly rely on the inconsistency as support for an adverse credibility determination." (internal citations omitted)).

The IJ also based his adverse credibility determination on Shrestha's demeanor, namely on a "pattern of evasiveness." Though demeanor findings are accorded "special deference" by reviewing courts, aspects of demeanor "concerning the nature of petitioner's testimony" that are "ascertainable from the record" may be reviewed by courts for substantial evidence. *Arulampalam v. Ashcroft*, 353 F.3d 679, 685–86 (9th Cir. 2003). "Absent specific examples of evasiveness or inconsistency, a general declaration of evasiveness or inconsistency is insufficient to support adverse credibility." *Lei Li v. Holder*, 629 F.3d 1154, 1158–59 (9th Cir. 2011). Here, though, the IJ referred to a specific example of evasiveness, and we are not compelled by the record to conclude that the IJ's evasiveness finding was erroneous. Under the "totality of the circumstances," there is substantial evidence supporting the adverse credibility determination upheld by the BIA. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Shrestha*, 590 F.3d at 1044.

We next consider whether, absent credible testimony, Shrestha can establish eligibility for asylum or withholding of removal based on documentary evidence alone. "An applicant alleging past persecution has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed

4

by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010).

Here, even assuming Shrestha's documentary evidence shows treatment rising to the level of persecution on the basis of his political opinion, there is substantial evidence supporting the IJ's finding that Shrestha failed to establish that his persecutors, Maoists, are "forces that the government was unable or unwilling to control." *See id.* The country conditions documents show active police responses to Maoist violence, including numerous arrests following violent demonstrations. Though Shrestha asserts that police did not act in his case because of "pressure," the IJ found the letter from local police indicated a serious, ongoing investigation and we are not compelled to conclude the contrary. Substantial evidence supports the BIA's denial of asylum and withholding of removal.

Convention Against Torture

An applicant is eligible for CAT relief if he can show it is "more likely than not" he would be tortured in the country of removal. 8 C.F.R. § 1208.16(c)(2). Torture is defined as "severe pain or suffering, . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Shrestha has not shown it is "more

5

likely than not" he would be tortured with the "consent or acquiescence" of Nepali public officials.  Substantial evidence supports the BIA's denial of CAT relief.

**PETITION DENIED.**