**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEI RONG XUE,<br><br>               Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No. 17-70055<br><br>Agency No. A096-072-535<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2022[**]
Las Vegas, Nevada

Before: RAWLINSON and BENNETT, Circuit Judges, and COGAN,[***] District
Judge.

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

Petitioner Mei Rong Xue (Xue) is a native and citizen of the People's Republic of China. She seeks review of an order from the Board of Immigration Appeals (BIA) dismissing her appeal of the denial of her applications for asylum and withholding of removal based on an adverse credibility finding made by the Immigration Judge (IJ).[1] We have jurisdiction under 8 U.S.C. § 1252 and we **DENY** the petition.

We review adverse credibility determinations for substantial evidence and must uphold the agency's adverse credibility determination "unless the evidence compels a contrary result." *Li v. Holder*, 629 F.3d 1154, 1157 (9th Cir. 2011). Because Xue filed her asylum application before May 11, 2005, we also apply pre-REAL ID Act standards. *See Sinha v. Holder*, 564 F.3d 1015, 1021 n.3 (9th Cir. 2009). To satisfy these standards, "the IJ or BIA must identify specific, cogent reasons for an adverse credibility finding and the reasons must strike at the heart of the [asylum] claim." *Enying Li v. Holder*, 738 F.3d 1160, 1163 (9th Cir. 2013) (citation and internal quotation marks omitted.)

---

[1] The BIA also concluded that the IJ properly denied Xue's request for CAT relief. However, Xue waived any challenge to this conclusion by not addressing it in her opening brief. *See Escobar Santos v. Garland*, 4 F.4th 762, 764 n.1 (9th Cir. 2021).

The record does not compel the conclusion that Xue credibly established her identity. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (characterizing identity as a "key element[] of the asylum application"). In support of her asylum and withholding of removal claims, Xue provided a People's Republic of China Resident Identification Card. However, the Department of Homeland Security's Forensic Document Laboratory concluded that the card was counterfeit, and Xue's testimony regarding how she received the card was inconsistent. Because establishing Xue's identity went to the heart of her asylum claim, the counterfeit document and inconsistent testimony constituted substantial evidence supporting the agency's determination. *See Desta v. Ashcroft*, 365 F.3d 741, 744-45 (9th Cir. 2004) (denying a petition challenging an adverse credibility determination when "there was support for the IJ's conclusion that several documents may have been fraudulent," "there were material inconsistencies in petitioner's testimony," and the genuineness of the documents and inconsistencies "[went] to the heart of [petitioner's] claim").

**PETITION DENIED**.[2]

---

[2] The temporary stay shall remain in effect until issuance of the mandate. *See* Ninth Circuit General Order 6.4(c).