NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SHANHUA JIN, | No.   15-71877 |
| Petitioner, | Agency No. A088-291-025 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2023[**]
Pasadena, California

Before:  WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioner Shanhua Jin is a 57-year-old native and citizen of the People's Republic of China. She petitions for review of a Board of Immigration Appeals ("BIA") order denying her applications for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Petitioner cannot demonstrate that the agency's adverse credibility determination is not supported by substantial evidence. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). First, the agency properly held that Petitioner's inconsistent statements about her ex-husband's other child—her stepson—detracted from her overall credibility. Petitioner was asked, under oath, whether her ex-husband had children from a previous relationship. She said no. When asked the same question nine months later, she said yes. None of her explanations for this discrepancy were logical or consistent.[2] This discrepancy is one of the "specific, cogent reason[s]" the Immigration Judge ("IJ") relied upon for his adverse credibility finding. *See Li v. Holder*, 629 F.3d 1154, 1157 (9th Cir. 2011) (quoting *Chen v. Ashcroft*, 362 F.3d 611, 617 (9th Cir. 2004)).

---

[1] The BIA also denied Petitioner's claim for relief under the Convention Against Torture ("CAT"), finding that she had "not meaningfully challenged the Immigration Judge's denial of CAT relief on appeal." Petitioner does not challenge the denial of CAT relief.

[2] Petitioner also testified that she only met her stepson once. But as the BIA noted: "The [Petitioner's] testimony that she only met her stepson once is undermined by her daughter's letters, which suggest that [Petitioner], her husband, her daughter, and the stepson lived together as a family unit."

Second, the agency appropriately identified Petitioner's inconsistent testimony about whether she visited a government doctor when she became pregnant in 2006. As the BIA noted, she was questioned about why she would visit a government doctor to confirm her 2006 pregnancy "when, according to her claim, she had a forced abortion in 2002 after a government doctor reported her pregnancy." When so questioned, she "changed her testimony and claimed that she went to see a private doctor when she was pregnant in 2006."

Under the REAL ID Act, an IJ may base a credibility determination on factors including the candor and responsiveness of the witness, consistency of statements with other evidence in the record, and any inaccuracies or falsehoods "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also* 8 U.S.C. §§ 1231(b)(3)(C), 1229a(c)(4)(C). Petitioner had multiple opportunities to explain her choice of doctor in 2006. And though the *specific date* on which she first encountered family planning authorities is unimportant here, her changing testimony on this issue was one instance of many such changes.

Petitioner also argues that the BIA erred in finding her corroborative evidence insufficient to rehabilitate her testimony. But the BIA's analysis was supported by substantial evidence. The document submitted by Petitioner reflecting her 2006 abortion does not prove the abortion was performed against her

3

will.  And, as the agency found, the letters she submitted from her sister and daughter did not help her credibility, but instead hurt it.

Under *Alam v. Garland*, in assessing credibility, the agency must look to the "totality of the circumstances[] and all relevant factors."  11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).  It did so here.

**PETITION DENIED.**