**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

XIANG ZHANG CAO,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 20-71822

Agency No.
A209-163-212

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 24, 2026[**]
Honolulu, Hawaii

Before:    N.R. SMITH, MILLER, and JOHNSTONE, Circuit Judges.

Xiang Zhang Cao, a native and citizen of the People's Republic of China,

petitions for review of an order of the Board of Immigration Appeals dismissing

his appeal of an Immigration Judge's denial of his application for asylum and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the agency's adverse credibility finding. *See Ani v. Bondi*, 155 F.4th 1118, 1129–30 (9th Cir. 2025) ("[A]fter the REAL ID Act, the *falsus* maxim still allows IJs to make adverse credibility findings based on material falsehoods, even when they are not central to the basis for the present claim for immigration relief."). Although "some of the reasons relied on by the agency do not support its ultimate credibility finding, once those unsupported reasons are disregarded, substantial evidence remains to support the agency's determination that [Cao] was not credible." *Kalulu v. Bondi*, 128 F.4th 1009, 1015 (9th Cir. 2024); *see also Li v. Holder*, 629 F.3d 1154, 1157 (9th Cir. 2011) ("An IJ's perception of a petitioner's ignorance of religious doctrine is not a proper basis for an adverse credibility finding.").

An applicant for relief from removal who has committed immigration fraud must come forward with evidence that not only supports his "entitlement to relief but override[s] his intentional deception of immigration authorities, to the point that the record compels us to disregard the petitioner's conscious efforts to secure an immigration benefit through fraud." *Ani*, 155 F.4th at 1129. Cao admitted at his removal hearing that he lied on his visa application, and the IJ found he had committed immigration fraud. Substantial evidence supports the agency's

determination that Cao was not credible, as well as its conclusion that he did not show entitlement to relief from removal.

**PETITION DENIED.**