FILED

NOT FOR PUBLICATION

FEB 24 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ERWIN AROLDO ALVARADO-MAYEN, | No. 13-70174 |
| Petitioner, | Agency No. A072-401-052 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2016[**]
San Francisco, California

Before: NOONAN, W. FLETCHER, and MURGUIA, Circuit Judges.

    Erwin Alvarado-Mayen petitions for review of an order of the Board of

Immigration Appeals (BIA) denying his appeal of the Immigration Judge's denial

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of his various claims for immigration relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. Alvarado-Mayen's claims for asylum, withholding of removal, and special rule cancellation under the Nicaraguan Adjustment and Central American Relief Act (NACARA) are subject to the persecutor bar. 8 U.S.C. § 1158(b)(2)(A)(i) (asylum); *id.* § 1231(b)(3)(B)(i) (withholding of removal); 8 C.F.R. § 1240.66(a) (NACARA special rule cancellation). Alvarado-Mayen told the asylum officer that he looked for suspected guerillas in Guatemala, that two guerillas were arrested as a result of his investigations, that suspected guerillas were tortured, and that he participated in combat about six times. Alvarado-Mayen concedes that these statements raised the inference that he participated in persecution, shifting the burden to him to prove that he was not a persecutor. *See* 8 C.F.R. § 1240.8(d); *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 930 (9th Cir. 2006) (holding that evidence that a translator assisted in interrogations of suspected guerillas raised the inference that he participated in persecution, shifting the burden to the translator to prove he did not).

The BIA found Alvarado-Mayen's testimony regarding his military service not to be credible, due to multiple inconsistencies. The BIA's adverse credibility determination was supported by substantial evidence. Because this is a pre-REAL

ID Act case, Alvarado-Mayen's inconsistencies must "go to the heart" of his claims for relief. *Li v. Holder*, 629 F.3d 1154, 1158 (9th Cir. 2011). Here, between his asylum interview, his declarations, and his in-court testimony, Alvarado-Mayen gave multiple inconsistent statements, such as denying that he looked for suspected guerillas, denying that he saw suspected guerillas in prisons or jails, and denying that he engaged in combat. These inconsistencies went to the heart of Alvarado-Mayen's claim that he did not participate in persecution. *See Chebchoub v. I.N.S.*, 257 F.3d 1038, 1043 (9th Cir. 2001) (holding that a petitioner's inconsistencies regarding his departure from Morocco went to the heart his petition for asylum, because they "relate[d] to the basis for his alleged fear of persecution" (citation omitted)). Because Alvarado-Mayen cannot point to credible evidence that he did not participate in persecution, his claims for asylum, withholding of removal, and NACARA special rule cancellation must be denied.

2. Substantial evidence supports the BIA's determination that Alvarado-Mayen has not established an entitlement to relief under the Convention Against Torture (CAT). To be entitled to CAT relief, Alvarado-Mayen must show that it is more likely than not he will be tortured in Guatemala. 8 C.F.R. § 1208.16(c)(2). Alvarado-Mayen's country reports, which show that the Guatemalan police abuse criminal suspects, do not demonstrate a likelihood that he

3

will be tortured, because he does not claim to be a criminal suspect. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding "generalized evidence of violence" in Mexico did not establish eligibility for CAT relief where the petitioners did not show a particular likelihood that they would be harmed). The single incident where Alvarado-Mayen was shot by guerillas also does not demonstrate that the Guatemalan government would consent to or acquiesce in Alvarado-Mayen's future torture, because that incident happened nearly thirty years ago, and there is no evidence that the Guatemalan government is allowing former members of the military to be targeted for abuse or that Alvarado-Mayen would specifically be targeted. *See Lopez-Cardona v. Holder*, 662 F.3d 1110, 1114 (9th Cir. 2011).

**PETITION DENIED**.