**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SURESH M. VYAS, AKA Swami Rajesh Vara Nand AKA Sureshwaranand Guru Jagat Prak Shastri, AKA Swamisuresh Guru JP Shastri, AKA Sureshchandra Vyas, | No. 13-72044 |
| | Agency No. A077-433-885 |
| Petitioner, | |
| | MEMORANDUM[*] |
| v. | |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 5, 2016[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BERZON and N.R. SMITH, Circuit Judges, and ZOUHARY,[***] District Judge.

Petitioner Suresh Vyas seeks review of a final order of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and determining that he had knowingly filed a frivolous asylum application within the meaning of 8 U.S.C. § 1158(d)(6). Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and also provides its own review of the evidence and the law, we review both the IJ's and the BIA's decision. *See Ali v. Holder*, 637 F.3d 1025, 1028-29 (9th Cir. 2011). We deny the petition.

1. The IJ's determination that Vyas was not credible, which the BIA adopted and affirmed, is supported by substantial evidence. *See Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011). The IJ pointed to numerous inconsistencies in Vyas's testimony and written submissions. In particular, the IJ relied on Vyas's failure to disclose his 1994 and 1997 trips to the United States, as well as evidence contradicting Vyas's assertion that he had never returned to India since entering the United States in 1998. The government and the IJ gave Vyas "a reasonable opportunity to explain [these] perceived discrepancies," *Lei Li v. Holder*, 629 F.3d

---

[***] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

1154, 1159 (9th Cir. 2011), but Vyas did not provide a cogent answer. These inconsistencies regarding Vyas's repeated travel to and from India go to the heart of his claim that he feared returning to India because of persecution he expected to suffer there.[1]

2. The IJ denied relief on Vyas's claims for asylum, withholding of removal, and protection under the CAT based on his adverse credibility determination. We therefore deny the petition as to those claims.

3. "We review a determination that an applicant knowingly made a frivolous application for asylum for compliance with a procedural framework outlined by the BIA." *Khadka v. Holder*, 618 F.3d 996, 1002 (9th Cir. 2010). In *In re Y-L*, 24 I. & N. Dec. 151 (BIA 2007), the BIA established four procedural requirements necessary for a finding of frivolousness. "First, an asylum applicant must have notice of the consequences of filing a frivolous application. Second, the IJ or Board must make specific findings that the applicant knowingly filed a frivolous application. Third, those findings must be supported by a preponderance of the evidence. Finally, the applicant must be given sufficient opportunity to

---

[1] "[U]nder the REAL ID Act credibility findings no longer need to go 'to the heart of the applicant's claim.'" *Malkandi v. Holder*, 576 F.3d 906, 918 (9th Cir. 2008) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). "However, the relevant provisions of that Act are not applicable to this case because [Vyas] applied for relief before May 11, 2005." *Kaur v. Gonzales*, 418 F.3d 1061, 1064 n.1 (9th Cir. 2005).

account for any discrepancies or implausibilities in his application." *Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008).

Each of these requirements was met. First, Vyas's 1999 and 2005 asylum applications each contained written warnings explaining that the filing of a frivolous application would result in permanent ineligibility for immigration benefits. This written warning constitutes adequate notice. *Cheema v. Holder*, 693 F.3d 1045, 1049 (9th Cir. 2012). Second, the IJ specifically "conclude[d] that [Vyas]'s application was deliberately fabricated in almost every respect," and that accordingly each of the "criteria for imposing the bar of Section 208(d)(6) of the Act" were satisfied. Third, the IJ's finding that Vyas deliberately fabricated material elements of his application is supported by a preponderance of the evidence. Vyas could not account for substantial evidence directly contradicting his assertion that he had never returned to India since arriving in 1998. Together with the numerous other inconsistencies in Vyas testimony and filings, that evidence provides ample support for the IJ's finding. Finally, Vyas was given sufficient opportunity to account for the discrepancies cited by the IJ. He was questioned at length about his failure to disclose his 1994 and 1997 trips to the United States, as well as about the 2003 visa applications, and he was unable give any satisfactory explanation.

We accordingly deny the petition as to Vyas's claim that the IJ erred in holding that Vyas had knowingly filed a frivolous asylum application.

**DENIED.**