**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GOSSI KIOTA, | No.    12-72155 |
| Petitioner, | Agency No. A079-578-337 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM * |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2017**
Seattle, Washington

Before:  McKEOWN, BEA, and N.R. SMITH, Circuit Judges.

Gossi Kiota petitions for review of the Board of Immigration Appeals'

("BIA") order dismissing his appeal from the Immigration Judge's ("IJ") decision

denying his requests for asylum, withholding of removal, humanitarian asylum,

---

&ast;      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast;      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture.[1]  Central to the IJ's determination and the BIA's subsequent dismissal of Kiota's claims was the IJ's finding that Kiota was not credible.  We have jurisdiction under 8 U.S.C. § 1252, and we review an adverse credibility finding for substantial evidence.  *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009).  We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding.  The IJ provided specific, cogent reasons for disbelieving Kiota, and the IJ's findings address key elements of Kiota's claims.  *See Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir. 2002) ("Inconsistencies in the petitioner's statements must go to 'the heart of [his] asylum claim' to justify an adverse credibility finding." (quoting *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001))).  For example, the record contains multiple contradictions about the date that Kiota entered the United States, a fact crucial to his claim for asylum.  *See* 8 U.S.C. § 1158(a)(2)(B) (stating that asylum application must be filed "within 1 year after the date of the alien's arrival in the United States").  Additionally, relevant to all of his claims, Kiota's testimony that his family was enslaved in Mauritania is inconsistent with his mother's letter, which omitted any mention of enslavement and stated that Kiota's family held substantial assets.  Kiota had sufficient time and opportunity to

---

[1] Because Kiota filed his application before the effective date of the REAL ID Act, the REAL ID Act provisions do not apply to his claims.  *See Li v. Holder*, 629 F.3d 1154, 1157 (9th Cir. 2011).

respond to these discrepancies but offered no persuasive explanation. In the absence of credible testimony, Kiota's claims must fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**