NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YONGCHENG LI,

          Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.    15-72752

Agency No. A088-128-994

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2021[**]
Pasadena, California

Before:  LINN,[***] BYBEE, and BENNETT, Circuit Judges.

Yongcheng Li petitions from the upholding by the Board of Immigration

Appeals ("Board") of the denial of Li's application for asylum and withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

removal by the immigration judge ("IJ") based on her adverse credibility finding. Because substantial evidence supports the IJ's adverse credibility finding, we deny Li's petition.

The IJ's adverse credibility findings were broadly centered on three concerns: (1) false statements Li made to the IJ and the immigration authorities; (2) inconsistencies in Li's testimony with respect to his introduction to and practice of Christianity; and (3) Li's demeanor on the stand. Li's challenge to each basis fails.

As to the first concern, Li admitted to making false statements to the IJ: that he attended his visa interview alone (he later admitted that he attended with his father) and that he told the consulate when applying for a visa that he intended to travel on business (he later admitted that he told the consulate that he was attending his sister's wedding). He also admitted to lying on his asylum application by not listing his sister as a relative living in the United States. Li argues that he provided a plausible explanation for his inconsistent statements: that he did not mention his father or sister for fear of implicating them, and that he believed it would make it more difficult for his father to obtain a future visitor visa if he was mentioned. Li did not explain how or why those feared events might occur. He also explained that he applied for the visa through a third party, implying that he was not responsible for the filing of an application for a business visa.

The IJ properly considered Li's reasons and provided cogent reasons for

2

rejecting them. The IJ explained that Li could not explain why mentioning that his father came with him to the visa interview or why truthfully explaining what he told the consulate could have any adverse effect on anyone. The IJ also relied on Li's failure to explain his fear of Chinese officer reprisal based on testimony given in a U.S. courtroom and noted that his "willingness to lie under oath twice in order for his father to avoid potentially adverse immigration consequences is serious enough to discredit the whole of his testimony." The IJ thus considered Li's explanations for his false statements and found them unconvincing. The Board agreed. The IJ is not required to accept Li's interpretation of the evidence. *See Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007). Moreover, even a plausible explanation does not overcome substantial evidence supporting the IJ's credibility determinations. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (holding that a "plausible" alternative explanation for the actions on which the IJ made an adverse credibility determination cannot overturn that determination unless "the record . . . compel[s] the finding that the IJ's unwillingness to believe this explanation . . . was erroneous"). Here, Li's false statements reasonably led the IJ to come to an adverse credibility determination. Li's arguments do not compel the conclusion that the IJ's adverse credibility findings were erroneous.

Turning to the second concern, substantial evidence supports the IJ's finding that Li made inconsistent statements concerning his introduction to and practice of

3

Christianity.[1]  Li testified first that his introduction to Christianity was on July 3, 2006 and later that it was on July 3, 2005.  He argues that this was a simple mistake that does not bear on his credibility.  Li also testified that he was arrested for attending a home church by three police officers, but he had stated in his declaration that the arrest was made by two police officers.  Li explained the discrepancy in the number of arresting officers by referencing the length of time that had passed and that it was a hard experience to remember correctly.  He argues that his plausible explanations prohibited relying on these discrepancies in making an adverse credibility determination.

Although such minor inconsistencies may not alone support an adverse credibility determination, we see no error in the IJ's consideration of those inconsistencies in the totality of the circumstances.  As noted above, the IJ is not required to adopt the view of the inconsistencies proffered by the applicant.  Rather, the IJ can make credibility determinations based on her expertise.

---

[1]    Li also argues that the IJ relied on a prohibited religious test when asking him to name a book of the Bible and name a prayer from the bible.  *See Li v. Holder*, 629 F.3d 1154, 1157 (9th Cir. 2011) ("An IJ's perception of a petitioner's ignorance of religious doctrine is not a proper basis for an adverse credibility finding." (citing *Cosa v. Mukasey*, 543 F.3d 1066, 1069–70 (9th Cir. 2008)).  Substantial evidence supports the IJ's and the Board's denial of withholding of removal and asylum without consideration of Li's answers to those questions.  We thus need not and do not address whether such baseline questions constituted a prohibited religious test.

As to the third concern, the IJ explained that Li's demeanor was "at times indicative of somebody who is not telling the truth." The IJ specifically observed that when asked questions of average difficulty, Li "hesitated and struggled to provide an answer," delayed in answering simple questions for which one would have "reasonably expected an immediate answer," and gave answers that were often "unresponsive." The IJ offered, as examples, Li's answers to questions about Christianity and about his application for a visa through a third party. Li argues that the first set of questions constituted an improper religious test, and that he adequately explained his answers to the second set of questions.

Even excepting the first set of questions, Li offers no reason why the IJ could not properly consider the *manner* in which he answered the questions as supportive of an adverse credibility finding. The IJ is, "by virtue of his acquired skill, uniquely qualified to decide whether an alien's testimony has about it the ring of truth." *Sarvia-Quintanilla v. INS*, 767 F.2d 1387, 1395 (9th Cir. 1985). Where the IJ "provides a specific, cogent reason for questioning a petitioner's credibility, the petitioner must show that the evidence compelled a contrary conclusion in order to overcome the special deference accorded to the [agency's] credibility determinations." *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003) (emphasis omitted). The IJ provided an adequate explanation for her demeanor determinations here.

5

For the above reasons, Li's petition for review is **DENIED**.