NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

APR 21 2022

FOR THE NINTH CIRCUIT

FRANCISCO ISRAEL BATRES-ROCA,
AKA Felipe Portillo-Vega,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    18-71926

Agency No. A070-154-405

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2022**
San Francisco, California

Before:  CLIFTON and M. SMITH, Circuit Judges, and REISS,*** District Judge.

Petitioner Francisco Batres-Roca, a citizen of Guatemala, petitions for

review of the decision by the Board of Immigration Appeals ("BIA") affirming the

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***      The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

Immigration Judge's ("IJ") denial of his claims for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the parties are familiar with the facts, we recite only those necessary to our decision. We deny the petition.

First, we agree with the BIA's conclusion that Batres-Roca was ineligible for asylum because he neither met the timely filing requirement nor fulfilled an exception to that requirement despite his claim to an exception for "extraordinary circumstances." *See* 8 C.F.R. § 1208.4(a)(5) (defining "extraordinary circumstances" as "events or factors directly related to the failure to meet the 1-year deadline" and rendering the delay "reasonable under the circumstances"); *Singh v. Holder*, 656 F.3d 1047, 1051 (9th Cir. 2011) (recognizing appellate jurisdiction to review the agency's application of the "extraordinary circumstances" exception to undisputed facts). Batres-Roca most recently entered the U.S. on June 4, 2011, and was thus required to file his application in immigration court by June 4, 2012, but only did so on November 1, 2013. The BIA committed no error in concluding that he failed to qualify for the "extraordinary circumstances" exception. The BIA cogently emphasized that he "admit[ted] that he does not have proof of allegedly filing the application in February 2012" with USCIS, which, in any case, was the wrong venue for filing his defensive application because, at that time, such an application was required to be filed in

2

immigration court; nonetheless, Batres-Roca's "extraordinary circumstances" contention, made by counsel, centered on that unsubstantiated filing attempt. *See* 8 C.F.R. § 1208.4(b)(3). Moreover, the BIA's reasoning relied in part on the fact that Batres-Roca "had a hearing before the [IJ] on December 8, 2011 where he was represented by counsel[,]" but conceded that he did not attempt to file his application at that hearing, which occurred approximately six months before the deadline passed. Finally, the BIA properly considered and rejected his argument that the delays in his immigration hearings constituted "extraordinary circumstances."

Second, we conclude that substantial evidence supported the adverse credibility finding, which led to the agency's denial of his withholding-of-removal claim as well as his asylum claim. We review adverse credibility determinations for substantial evidence. *See Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). "A finding by the IJ is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (quotation marks and citation omitted). Because "the BIA reviewed the IJ's credibility-based decision for clear error and relied upon the IJ's opinion as a statement of reasons but did not merely provide a boilerplate opinion," we review those reasons "explicitly identified by the BIA" and "the reasoning

articulated in the IJ's [] decision in support of those reasons," but not "those parts of the IJ's adverse credibility finding that the BIA did not identify as most significant and did not otherwise mention." *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (quotation marks and citations omitted).

Batres-Roca falsely claimed Mexican citizenship and the name Felipe Portillo-Vega in multiple government proceedings. We have held that "falsehoods and fabrications weigh particularly heavily in the adverse credibility inquiry." *Kumar v. Garland*, 18 F.4th 1148, 1155 (9th Cir. 2021). The agency reasonably considered and permissibly rejected his argument that these falsehoods were excused by his fear of removal. When he stated those falsehoods, he was already in the U.S. and was not directly fleeing persecution or attempting to secure entry into the U.S., which contrasts with the facts in *Akinmade v. INS*. 196 F.3d 951, 955-56 (9th Cir. 1999) (granting leniency to "a genuine refugee escaping persecution [who] may lie about his citizenship to immigration officials in order to flee his place of persecution or secure entry").

In contrast to his testimony that guerrillas murdered four of his family members in 1981, his documentary evidence—namely, a news article—declared that a "crime group" committed a "crime" in which "strangers killed four members of one family[.]" We have ruled that substantial evidence supported an adverse credibility finding where inconsistencies between a noncitizen's testimony and his

4

documentary evidence "b[ore] directly on [his] claim of persecution[.]" *Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (citation omitted). The issue of whether his family members were murdered by guerrillas or unknown criminals bears directly on his persecution claim.

His demeanor supported the adverse credibility finding because he "provided various excuses and [] answers" regarding the incongruence between his testimony and his documentary evidence on the issue of whether guerrillas or unknown criminals committed the murders. An IJ is "in the best position to assess demeanor and other credibility cues that we cannot readily access on review." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010).

Considering the agency's "specific, cogent reason[s]" and the totality of the circumstances, we conclude that substantial evidence supported the adverse credibility finding. *Lei Li v. Holder*, 629 F.3d 1154, 1157 (9th Cir. 2011) (citation omitted).

Finally, we conclude that Batres-Roca waived any challenge to the agency's denial of CAT protection. *See* Fed. R. App. 28(a)(8)(A). The body of his opening brief only references CAT protection in one header, and neither advances arguments regarding his eligibility for CAT protection nor alleges that he suffered harm rising to the level of torture. *See Martinez- Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (deeming an issue waived when it was referenced only in

5

the statement of the case and not discussed in the body of a noncitizen's opening brief).

**PETITION FOR REVIEW DENIED.**