NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOU PENG NI,<br><br>              Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No.    20-70446<br><br>Agency No. A215-825-532<br><br>AMENDED MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 7, 2023
Honolulu, Hawaii

Before:  BADE, BUMATAY, and SANCHEZ, Circuit Judges.

You Peng Ni, a native and citizen of China, seeks review of the Board of

Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ")

denial of his application for asylum, withholding of removal, and relief under the

Convention Against Torture ("CAT").  Because the BIA, citing *Matter of Burbano*,

20 I. & N. Dec. 872 (B.I.A. 1994), adopted the IJ's decision and provided its own

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

additional analysis, we review both the BIA and IJ decisions. *Aguilar Fermin v. Barr*, 958 F.3d 887, 891 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

We review the agency's adverse credibility determination for substantial evidence "based on the 'totality of the circumstances and all relevant factors.'" *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Our "only question . . . is whether *any* reasonable adjudicator could have found as the agency did." *Garland v. Ming Dai*, 141 S. Ct. 1669, 1678 (2021). And a "healthy measure of deference" is owed to the agency's credibility determinations. *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010). Ni thus bears "a substantial burden" to show the BIA's denial of relief on adverse credibility grounds should be reversed. *Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021).

In our view, the following factors suffice to find that substantial evidence supports the agency's adverse credibility determination:

First, the IJ determined that Ni had "not shown a willingness to be truthful with U.S. authorities" because of omissions in the information Ni provided to the IJ about the conditions of his release. This finding is supported by substantial evidence. The IJ granted Ni's bond on the condition that Ni must live with a particular family member—his bond sponsor—at her home in Honolulu. Ni stayed there for about a week before moving to another Hawaiian island. Several months

2

later at a hearing, the IJ told Ni that he must report any changes of address, but Ni affirmed his address in Honolulu and said nothing about moving at the time. Ni did not disclose his change of address to the IJ until six months later. Given Ni's lack of candor about following the conditions of his bond release, substantial evidence supports the agency's determination.

Second, Ni also submitted a declaration in support of his claim for relief from an individual named "Sister He" that conflicts with Ni's testimony. Sister He stated that Ni was arrested and heavily beaten, that she was fortunate not to have attended the service on that night, and that she seldom contacted Ni after his arrest. But Ni said that Sister He had also been arrested for being Christian, and that after his arrest, Sister He took him to multiple Christian services and helped connect him to a visa agency to flee China. The IJ reasonably concluded that those inconsistencies support an adverse credibility finding.

On the other hand, the IJ inappropriately questioned Ni's religious faith when assessing his credibility and fear of persecution. We consistently reject adverse credibility determinations based on "ignorance of religious doctrine as evidence that an individual is not a true believer." *Cosa v. Mukasey*, 543 F.3d 1066, 1070 (9th Cir. 2008) (quotation omitted); *see also Li v. Holder*, 629 F.3d 1154, 1157–58 (9th Cir. 2011) (reversing adverse credibility finding based on petitioner's ignorance of Christian holidays and Bible); *Ren v. Holder*, 648 F.3d 1079, 1088 (9th Cir. 2011)

3

(reversing finding that petitioner was "not credible because his knowledge of Christianity was at best less than basic") (internal quotation marks removed)).  The IJ's adverse credibility finding based on Ni's lack of knowledge regarding baptism and lack of desire to proselytize was legal error.  *Li*, 629 F.3d at 1158.  However, this error did not affect the IJ's assessment of other credibility factors.

Considering the totality of the circumstances, substantial evidence supports the agency's adverse credibility determination, and we need not address the remaining grounds relied upon by the IJ.  *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093–94 (9th Cir. 2021).  The BIA agreed with the IJ that Ni's documentary evidence did not rehabilitate his testimony or otherwise satisfy his burden of proof, and the record does not compel a contrary finding.  Therefore, substantial evidence supports the agency's finding that Ni had not suffered past persecution.

Additionally, although the IJ erroneously questioned Ni's religious faith, she considered the other record evidence—including articles discussing persecution of Christians in China as well as Ni's testimony that he was able to travel within China and leave the country without issue.  She concluded that Ni did not have a well-founded fear of persecution because no credible evidence showed that "the police seek him for any reason."  The record does not compel a contrary finding.  Therefore, substantial evidence supports the agency's denial of asylum and

4

withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation." (quoting *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000)).

Finally, although an adverse credibility determination "is not necessarily a death knell to CAT protection," *Mukulumbutu v. Barr*, 977 F.3d 924, 928 (9th Cir. 2020) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010)), the independent record evidence does not "meet the high threshold of establishing that it is more likely than not that [Ni] will be tortured by or with the consent or acquiescence of a public official," *id.*

**PETITION DENIED.**